UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MOSES EDGAR BIGGS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:15-CV-00825-NCC |
| | ) |
| KENNY JONES,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Petitioner's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 25). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 9). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will **DENY** the Amended Petition and **DISMISS** the case.

### I. BACKGROUND

On July 15, 2010, Petitioner was charged with two counts of first-degree statutory sodomy (Counts I and II) and one count of first-degree child molestation (Count II) (Doc. 28-1 at 12). On May 1, 2011, trial counsel filed a request for psychological examination and a report was prepared (Doc. 28-1 at 9; Doc. 25-4). On May 3, 2013, Petitioner pleaded guilty to Counts II and III and Count I was dismissed (hereinafter "Original Plea Hearing") (Doc. 28-1 at 7, 17-19). Sentencing was deferred so that Petitioner could be screened for the Sex Offender Assessment Unit ("SOAU") (*Id.* at 19). On June 28, 2013, it was determined that Petitioner was

---

[1] Petitioner is currently under the supervision of the Division of Probation and Parole. Kenny Jones, Chairman of the Missouri Board of Probation and Parole, is therefore the proper party respondent. 28 U.S.C. § 2254, Rule 2(a).

not eligible for the SOAU because of the first-degree statutory sodomy charge (*Id.* at 20).
Accordingly, the prosecutor filed an amended information in lieu of indictment reducing Count
II to second-degree statutory sodomy (*Id.* at 14). On June 28, 2013, Petitioner pleaded guilty to
the amended charges (hereinafter "Second Plea Hearing") (*Id.* at 15, 20-24). The trial court
sentenced Petitioner to fourteen years in the Missouri Department of Corrections (*Id.* at 22-23,
25-27). The trial court suspended execution of that sentence and ordered Petitioner to complete
120 days of treatment in the SOAU (*Id.* at 23). On October 26, 2013, Petitioner was placed on
probation for a period of five years (*Id.* at 5). Petitioner did not file a direct appeal (Doc. 25 at
4).

On November 20, 2013, Petitioner filed a *pro se* motion for post-conviction relief
pursuant to Missouri Supreme Court Rule 24.035 ("Rule 24.035") (Doc. 28-1 at 32-38). On
April 7, 2014, with the assistance of counsel, Petitioner filed an amended motion for post-
conviction relief (*Id.* at 44-57). On May 29, 2014, without an evidentiary hearing, the motion
court denied Petitioner's amended motion (*Id.* at 59-64). On July 8, 2014, Petitioner, with the
assistance of counsel, filed an appeal raising one ground for relief:

> (1) The motion court erred when it denied Petitioner's motion for post-conviction relief
> without a hearing because he alleged facts not conclusively refuted by the record which,
> if proven, would entitle him to relief in that he was denied his rights to due process and
> effective assistance of counsel because plea counsel's refusal to litigate a motion to
> suppress statements made during a police interrogation left Petitioner without a defense
> and caused him to plead guilty when he otherwise would not have.

(*Id.* at 67; Doc. 28-2 at 1-22). On March 10, 2015, the Missouri Court of Appeals for the Eastern
District affirmed the motion court's denial of the motion (Doc. 28-4; *Biggs v. Missouri*, 457
S.W.3d 393 (Mo. App. 2015)).

On May 26, 2015, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas
Corpus by a Person in State Custody (Doc. 1). On September 14, 2015, the Court appointed

counsel and directed newly appointed counsel to file an amended petition on behalf of Petitioner. On December 4, 2015, with the assistance of appointed counsel, Petitioner filed an Amended Petition raising the following ground for relief:

> (1) Petitioner asserts that plea counsel was ineffective for failing to raise the issue of Petitioner's competence to enter into a knowing and voluntary plea.

(Doc. 25 at 5; Doc. 29 at 3 (clarifying that Count II is not an independent basis for review)). As a preliminary matter, because Petitioner's Amended Petition supersedes his original Petition, the Court will deny Petitioner's original Petition as moot. *See In re Wireless Tel. Fed. Cost Recovery Fee Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").

## II. DISCUSSION

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule

3

but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

**A. Statute of Limitations**

First, Respondent asserts that Petitioner's Amended Petition is untimely (Doc. 28 at 2-5). Section 2254 petitions are subject to a one-year limitation period pursuant to 28 U.S.C. § 2244(d). This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed after the expiration of the limitations period is untimely and must be dismissed on that basis. *Bear v. Fayram*, 650 F.3d 1120 at 1122, 1125 (8th Cir. 2011). A timely filed Rule 24.035 motion tolls the one-year period. *See Roberson v. Dormire,* No. 05-0010CVWSOWP, 2005 WL 1307683, at *1 (W.D. Mo. May 27, 2005). Because Petitioner did not file a direct appeal of his judgment or sentence, his Rule 24.035 motion was due within 180 days of the date the sentence was entered. Rule 24.035(b). Pursuant to Missouri Supreme Court Rule 30.03 a conviction and sentence become final with the expiration of the ten-day period for filing a notice of appeal. Here, Petitioner's sentence was final as of July 8, 2013 and, therefore, his November 20, 2013 Rule 24.035 motion, filed 135 days after his sentence was final, was timely filed. Accordingly, the time for filing a habeas petition under 28 U.S.C. § 2254 was tolled during the pendency of the Rule 24.035 proceedings from November 20, 2013 until the mandate was issued on April 1, 2015 in Petitioner's post-conviction appellate case.

Respondent argues that the Court should not consider the May 26, 2015 filing date of the original Petition in making its calculations because the original Petition was not signed by Petitioner but, instead by his sister, Nicole Cowper (Doc. 28 at 3-4). Indeed, Respondent raised this issue before the Court in a Motion to Dismiss as well as an associated Motion to Set Aside the Case Management Order (Docs. 13, 14). However, the Court denied Respondent's request to set aside the Case Management Order, determined that, in the interests of justice, the appointment of counsel was necessary, and directed appointed counsel file an amended petition (Doc. 15). Upon the filing of the Amended Petition, the Court denied Respondent's Motion to Dismiss as moot (Doc. 26). Regardless, the undersigned finds that Ms. Cowper was authorized to sign the original Petition on behalf of Petitioner in light of the medical records provided and the nature of her relationship with Petitioner. 28 U.S.C. § 2242; *Smith By & Through Missouri Pub. Def. Comm'n v. Armontrout,* 812 F.2d 1050, 1053 (8th Cir. 1987) ("A person generally lacks standing to prosecute a federal habeas corpus petition on behalf of another unless he or she can show a reasonable excuse as to why the detainee did not sign and verify the petition, and a sufficient relationship and interest linking the would-be next friend to the detainee."). The Court further finds that the Amended Petition relates back to the original Petition both because the Court directed counsel to file an Amended Petition and because the claim raised in the Amended Petition arises out of the same conduct, transaction, or occurrence set forth in the original Petition. *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citing Fed. R. Civ. P. 15(c)(2)). The un-tolled time between April 1, 2015, the date the mandate was issued in his Rule 24.035 appellate case, and May 26, 2015, the date Petitioner filed his original Petition, is 55 days. Thus, the previously un-tolled 135 days plus this 55-day un-tolled period totals 190 days, a time period

well within the one year statute of limitations set forth in 28 U.S.C. § 2244(d). Accordingly, the Court will not deny Petitioner's Amended Petition as untimely.

**B. Procedural Default**

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. *Id.* at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. *Id.* at 1022 (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. *Id.* "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Petitioner does not contest that he failed to raise his sole ground before the state courts. However, citing *Martinez v. Ryan,* 566 U.S. 1 (2012), Petitioner suggests that his procedural default of his claim should be excused because post-conviction counsel was ineffective for failing to raise Petitioner's mental health problems and competence as directly affecting the voluntariness of the plea (Doc. 25 at 13). The Supreme Court held in *Martinez v. Ryan* that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial

6

> review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17. However, *Martinez* does not apply in this instance.

First, the Court finds that post-conviction counsel did not provide Petitioner with ineffective assistance of counsel. Petitioner does not provide the Court with any suggestion of counsel's purported ineffectiveness other than counsel's alleged failure to recognize his current claim from the record here (Doc. 25 at 12). Although Petitioner asserts that post-conviction counsel knew about his mental health issues, including his diminished capacity, as well as his prescription medications for these illnesses and that he was not taking them at the time of the Second Plea Hearing, this is not sufficient to overcome the presumption of effective assistance of counsel. The presumption of effective assistance of counsel can generally only be overcome when the ignored issues are clearly stronger than those presented. *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006). In this case, upon review of the record and addressed in more detail below, the undersigned finds that post-conviction counsel determined that the claim presented in the amended motion for post-conviction relief was the most meritorious claim. Therefore, post-conviction counsel's decision not to include Ground 1 in the amended motion "falls within the wide range of reasonable professional assistance" under *Strickland's* deferential standards. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984).

Second, even if the Court were to find that post-conviction counsel provided ineffective assistance of counsel, the default may be excused *only if* the eliminated ground of ineffective assistance of trial counsel was "substantial," "which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318. The Court does not find that to be the case here.

In considering whether the ineffective assistance claim alleged in Grounds 1 is substantial, the Court must evaluate the claims under the standard set in *Strickland*. 466 U.S. at

694. *Sund v. Young*, No. 5:14-CV-05070-KES, 2015 WL 4249405, at *4 (D.S.D. July 13, 2015) (listing cases). Therefore, for an ineffective assistance of counsel claim to be substantial, a habeas petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995) (citing *Strickland*, 466 U.S. at 687). The "performance" prong of *Strickland* requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. To overcome this presumption, a petitioner must prove that, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* Even if a petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 697. In the context of a guilty plea, a petitioner demonstrates ineffective assistance of counsel if, first, counsel's performance was deficient under the *Strickland* standard and, second, a "reasonable probability" exists that but for counsel's errors petitioner would not have pleaded guilty and would have gone to trial. *Missouri v. Frye*, 566 U.S. 134, 140-41 (2012) (discussing *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985)).

Petitioner asserts that plea counsel was ineffective for failing to raise the issue of Petitioner's competence to enter into a knowing and voluntary plea (Docs. 25 at 5; 29 at 3). Petitioner argues that he was not competent to enter a guilty plea or understand complex legal matters because of his severe mental health problems. Specifically, Petitioner indicates that he never acknowledged that he knew about his right to file a motion to suppress statements or that he was waiving that right by entering a plea. Petitioner argues that he did not specifically

understand that pleading guilty was a waiver to file this type of motion and such a motion would have been successful.

A defendant is mentally competent to enter a guilty plea if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and . . . has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396, 400 (1993) (internal quotation omitted) (applying the same standard to competency to plead guilty as is applied to competency to stand trial). In addition to determining that a defendant who seeks to plead guilty is competent, the trial court must also satisfy itself that that defendant's waiver of his constitutional rights is voluntary and knowing to comply with due process of law. *Id.* A plea is voluntary and knowing if the defendant understands the consequences of his decision. *Shafer v. Bowersox*, 329 F.3d 637, 650 (8th Cir. 2003). A defendant's mental condition is necessarily relevant to both inquiries. *Id.* A defendant's representations during the plea-taking "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990).

The Court finds that Petitioner's guilty plea was intelligent, voluntary and knowing such that he was not prejudiced by counsel's purported failure to raise his mental health issues before the trial court. The trial court engaged in a lengthy colloquy regarding Petitioner's mental health and competence at each of his two plea hearings. At the Second Plea Hearing specifically, the trial court asked several times if Petitioner was "clear-headed" and if he "knew what [he was] doing today," and Petitioner answered in the affirmative (Doc. 28-1 at 21). The trial court also reviewed the factual predicate of the case with Petitioner—the prosecutor recited the State's evidence if the case were to proceed to trial, and Petitioner acknowledged that the recitation was

9

true and that the prosecutor did not leave anything out (Doc. 28-1 at 21-22). The trial court then accepted Petitioner's plea, for a second time, "as being voluntary" and found that Petitioner understood what he was doing (Doc. 28-1 at 22). *See Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (affirming dismissal of habeas claim that plea was involuntary where the petitioner testified at the plea hearing that plea was voluntary; "Solemn declarations in open court carry a strong presumption of verity.") (citation omitted); *Ellis-Bey v. Steele*, No. 4:07CV734DDN, 2008 WL 782726, at *5 (E.D. Mo. Mar. 20, 2008) (upholding the trial court's finding that petitioner's guilty plea was voluntary, although petitioner asserted that he was impaired during his guilty plea as a result of his mental health conditions and associated medication, in part, because the trial court asked him "a number of questions relating to his competence and understanding" and petitioner responded that "he was clear-headed, understood the charges against him, and was not impaired"). The factual determination of the state court that Petitioner was not impaired or incompetent at the plea hearing must be presumed to be correct, and Petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.:C. § 2254(e)(1). Although Petitioner directs the Court to review the psychological report dated September 22, 2011 conducted at the request of trial counsel, nothing in the report rebuts this presumption (Doc. 25-4). While the psychological report does indicate that "[h]is marginality and diminished capacity makes it difficult for him to understand and comprehend basic concepts," the report does not suggest that Petitioner was legally incompetent to enter his plea of guilty.[2] *See*

---

[2] The Court notes that the record is unclear regarding whether the trial court reviewed the psychological report. Petitioner asserts that plea counsel never raised any of these mental health problems with the trial court except to the extent counsel asked for the evaluation but the docket appears to suggest otherwise. On May 5, 2011, the trial court granted trial counsel's request for a psychological evaluation and noted that the trial date of July 25, 2011 would be changed to a status conference to determine the disposition of the evaluation. This date was subsequently continued twice to September 26, 2011. Upon review of that date in the docket, the Court notes that there is an entry indicating "Hearing Held" and the trial setting was scheduled (Doc. 28-1 at

Missouri "Mental illness and cognitive impairment are not synonymous with incompetence . . . ." *United States v. Dahl*, 807 F.3d 900, 904 (8th Cir. 2015). Further, even if the Court were to accept, as Petitioner asserts, that Petitioner required his medication to be legally competent, Petitioner was on his medication at the time of his Original Plea Hearing and that his original plea was based on the same terms of incarceration that he accepted at his Second Plea Hearing (*See* Doc. 28-1 at 17-18). Any objection to the voluntariness of Petitioner's plea would not have been meritorious and plea counsel cannot be found to be ineffective for failing to raise a non-meritorious issue. *Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991) (counsel not ineffective for failure to raise meritless issue). Thus, because Petitioner cannot show that the underlying claim would be substantial, the Court will deny Ground 1 as procedurally defaulted.

Finally, Petitioner requests the Court grant him an evidentiary hearing in this case (Doc. 25 at 13) (emphasis omitted). An evidentiary hearing on a habeas petition is mandatory only if a petitioner was denied a "full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." *Townsend v. Sain*, 372 U.S. 293, 312 (1963). The Court need not hold an evidentiary hearing if the petitioner fails to allege facts sufficient to justify habeas relief. *Id.* Upon careful consideration, the Court has determined that Petitioner's claim does not entitle him to relief the ground asserted in his Amended Petition. The Court concludes that no further evidentiary development is required for the resolution of Petitioner's sole ground. Furthermore, Petitioner fails to demonstrate that an evidentiary hearing is warranted under the applicable standards set forth in 28 U.S.C. § 2254(e)(2). Thus, Petitioner's request for an evidentiary hearing will be denied.

---

10). Whether the report was discussed at the hearing is unclear from the docket but the Court finds it significant that a trial date was set as one would not traditionally be set if the trial court had determined Petitioner to be incompetent. Regardless, in an abundance of caution, the Court will proceed as if the trial court had not reviewed the psychological report and was unaware of the extent of Petitioner's mental health impairment.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief.  Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right*." Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**, as moot**.**

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 25) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.  28 U.S.C. § 2253.

Dated this 24th day of July, 2018.

       /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE